**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LISA PERRY,<br><br>　　　　　Defendant. | Case No. 2:06-cr-00002-RCJ-GWF<br><br>**STIPULATION FOR INSTALLMENT PAYMENT ORDER** |

　　　　The United States of America, by its attorney, JASON M. FRIERSON, United States Attorney for the District of Nevada, and Summer A. Johnson, Assistant United States Attorney, and Defendant LISA PERRY aka LISA MITCHELL, hereby agree and stipulate and request this court to enter an order directing the Defendant to make installment payments to the United States pursuant to 28 U.S.C. § 3204, and in support states as follows:

　　　　1.　　Judgment in the captioned matter was entered in favor of the United States and against Defendant on July 6, 2007. ECF No. 376. Interest was not waived by this Court in its Judgment. *See generally* ECF No. 376 at page 5. As of August 17, 2022, $15,536.53 has been credited to the account including the special assessment, leaving an outstanding balance of $244,592.65, excluding interest.

　　　　2.　　The amount owing is a debt to the United States as defined in the Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. § 3301-3308. *See* 28 U.S.C.§ 3002(3)(B).

3.      An Application for Writ of Continuing Garnishment was filed by the United States on July 6, 2022 (ECF No. 671), and a Writ of Continuing Garnishment directed to Garnishee was duly issued. (ECF No. 672).  The Garnishee was served the Writ of Continuing Garnishment on or before July 14, 2022.

4.      The Judgment Debtor was served by Federal Express, signature required, a copy of the Writ of Continuing Garnishment and Notified of her right to a hearing.

5.       In lieu of a formal continuing garnishment, Defendant has agreed to make payments directly to the Clerk of the Court in the amount of $100 per week  (or $433.33 per month.)

6.      28 U.S.C. § 3204, which governs the imposition of an installment payment order, provides that "[a]n order may not be issued under subsection (a), and if so issued shall have no force or effect, against a judgment debtor with respect to whom there is in effect a writ of garnishment of earnings issued under this chapter and based on the same debt."

7.      On that basis, filed concurrently herewith is an "Unopposed Motion to Dissolve Writ of Continuing Garnishment to Take Break Travel."

8.      The Defendant waives any and all notices that may be due pursuant to the Federal Debt Collection Procedures Act of 1990, including, but not limited to, notice of an application for an order for payment.

9.      The Defendant will pay to the United States $100.00 per week, beginning immediatly following the Court's entry of order on this stipulation and thereafter continuing weekly until the debt is paid in full or twenty years from the date of release from incarceration, whichever occurs first.

10.     The monthly payments are based on Defedant's present ability to pay and the amount is subject to change should the Defendant's ability to pay change in the future.  Defendant agrees to notify the United States Attorney's Office of any material change in her economic circumstances.

11. Defendant agrees to provide the United States Attorney's Office with an annual financial statement that summarizes: (1) Defendant's gross income, (2) Defendant's expenses, (3) Defendant's gross wages, and (4) Defendant's disposable earnings after taxes and other deductions required by law. This statement is necessary to verify that the Defendant is paying an appropriate amount. Furthermore, Defendant agrees to submit a complete copy of personal federal income tax returns to the United States Attorney's Office upon filing each year.

12. Nothing in this agreement prevents the United States from pursuing collection efforts under the FDCPA should undisclosed assets be located.

13. In the event the Defendant fails to make the payments required under Paragraph 10, in full, for more than 30 days, the account will be in default. Upon default, the United States may declare this agreement null and void. All payments made by the Defendant prior to default will be applied toward the judgment balance. The United States will be entitled to recover the unpaid balance from the Defendant plus costs and interest from the time the payment becomes due and payable.

Based on the foregoing and for good cause, the parties respectfully request that the Court approve the following stipulation, and enter an order in conformity therewith. A draft order is submitted herewith for the Court's consideration.

Respectfully submitted this 17th day of August 2022.

| | |
|---|---|
| JASON M. FRIERSON<br>United States Attorney | PITARO & FUMO, CHTD. |
| */s/ Summer A. Johnson*<br>SUMMER A. JOHNSON<br>Assistant United States Attorney | */s/ Osvaldo E. Fumo, Esq*.<br>OSVALDO E. FUMO, ESQ.<br>Attorneys for Defendant Lisa Perry |

**Certificate of Service**

I hereby certify that on August 17, 2022, I electronically filed the foregoing **STIPULATION FOR INSTALLMENT PAYMENT ORDER** with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system. A copy will also be sent to the Defendant via U.S. mail at:

Lisa Perry
8320 Belize Creek Ct.
Las Vegas, NV 89113

Dated this 17th day of July 2022.

    */s/ Summer A. Johnson*
SUMMER A. JOHNSON
Assistant United States Attorney
United States Attorney's Office

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LISA PERRY,<br><br>　　　　　Defendant. | Case No. 2:06-cr-00002-RCJ-GWF<br><br>**ORDER ON STIPULATION FOR INSTALLMENT PAYMENT ORDER** |

　　　　This matter is before the Court for consideration of the Stipulation for Installment Payment Order executed between United States of America, by its attorney, JASON M. FRIERSON, United States Attorney for the District of Nevada, and Summer A. Johnson, Assistant United States Attorney, and Defendant LISA PERRY aka LISA MITCHELL for an order directing the Defendant to make installment payments to the United States pursuant to 28 U.S.C. § 3204.

　　　　Having considered reviewed the stipulation of the parties, and good cause appearing there for, the Court finds and orders as follows:

　　　　1.　　Judgment in the above captioned matter was entered in favor of the United States and against Defendant on July 6, 2007. ECF No. 376. Interest was not waived by this Court in its Judgment. As of August 17, 2022, $15,536.53 has been credited to the account including the special assessment, leaving an outstanding balance of $244,592.65, excluding interest.

2. In lieu of a formal continuing garnishment, Defendant has agreed to make payments directly to the Clerk of the Court.

3. The Defendant has agreed and shall pay to the United States $100.00 per week, beginning immediatly following the Court's entry of this order approving the parties' Stipulation and thereafter continuing weekly until the debt is paid in full or twenty years from the date of release from incarceration, whichever occurs first.

4. The monthly payments are based on Defedant's present ability to pay and the amount is subject to change should the Defendant's ability to pay change in the future. Defendant shall notify the United States Attorney's Office of any material change in his economic circumstances.

5. Defendant is required to provide the United States Attorney's Office with an annual financial statement that summarizes: (1) Defendant's gross income, (2) Defendant's expenses, (3) Defendant's gross wages, and (4) Defendant's disposable earnings after taxes and other deductions required by law. This statement is necessary to verify that the Defendant is paying an appropriate amount. Furthermore, Defendant is required to submit a complete copy of personal federal income tax returns to the United States Attorney's Office upon filing each year.

6. Nothing in this agreement prevents the United States from pursuing collection efforts under the FDCPA should undisclosed assets be located.

7. In the event the Defendant fails to make the payments required under Paragraph 3, in full, for more than 30 days, the account will be in default. Upon default, the United States may declare this agreement null and void. All payments made by the Defendant prior to default shall be applied toward the judgment balance. The United States will be entitled to recover the unpaid balance from the Defendant plus costs and interest from the time the payment becomes due and payable.

/ / /

8. All checks or money orders are to be made payable as follows:

Clerk of the Court, U.S. District Court and mailed to:

Clerk of the Court, U.S. District Court
333 Las Vegas Boulevard South, Suite 1334
Las Vegas, NV 89101

And bearing Judgment Debtor's name and case number:
2:13-cr-120-APG-GWF

Dated: August 30, 2022.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE